# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 3, 2011 Session

## JOSEPH EDWARD RICH, M.D.
### v.
## TENNESSEE BOARD OF MEDICAL EXAMINERS

**Appeal by Permission from the Court of Appeals, Middle Section**
**Chancery Court for Davidson County**
**No. 08-229-II     Carol McCoy, Chancellor**

---

**No. M2009-00813-SC-R11-CD - Filed October 10, 2011**

---

JANICE M. HOLDER, J., dissenting.

The majority asserts that the Board must "articulate what the standard of care is in its deliberations." Tenn. Code Ann. § 63-6-214(g)(2010). To this end, the majority today has found "the standard of care" to be unambiguous. I also find this language to be unambiguous. My reading of Tennessee Code Annotated section 63-6-214(g), however, compels a different conclusion.

Tennessee Code Annotated section 63-6-214(g) provides:

> . . . any Tennessee licensed physician serving as a board member, hearing officer, designee, arbitrator or mediator is entitled to rely upon that person's own expertise in making determinations concerning the standard of care and is not subject to voir dire concerning such expertise. Expert testimony is not necessary to establish the standard of care. The standard of care for such actions is a statewide standard of minimal competency and practice that does not depend upon expert testimony for its establishment. However, to sustain actions based upon a violation of <u>this standard of care</u>, the board must, in the absence of admissions or other testimony by any respondent . . . , articulate what the standard of care is in its deliberations.

(emphasis added).

In describing cases in which articulation of the standard of care is necessary, the statute uses the term "this standard of care." The use of "this" rather than "the" indicates that

the standard of care described is the standard of care in the last antecedent. See In re Estate of Tanner, 295 S.W.3d 610, 624-25 (Tenn. 2009). Proper construction of the statute means that "this standard of care" refers to the standard of care in the previous sentence, the "statewide standard of minimal competency and practice that does not depend upon expert testimony for its establishment." Tenn. Code Ann. § 63-6-214(g). The use of the word "[h]owever" before "this standard of care" is an additional indicator that the phrase is meant to distinguish cases in which the standard of care must be articulated from other cases in which the standard of care need not be articulated.

In a case with no witnesses testifying as to the standard of care, the standard of care may be established by a "licensed physician . . . rely[ing] upon that person's own expertise." Tenn. Code Ann. § 63-6-214(g). It is particularly important to state the standard of care during deliberations when the members of the panel use their own knowledge of the statewide standard of minimal competency and practice to establish the standard of care. Not all of the members of the Board are licensed physicians who can rely on their own expertise, and physicians on the panel must describe the appropriate standard of care for the benefit of the non-physicians on the panel. See Tenn. Code Ann. § 63-6-101(a)(2) (2010) (providing for three non-physician members of the Board). Moreover, when licensed physicians rely only on their own expertise, the record will contain no information concerning the standard of care unless the standard of care is articulated during deliberations. Articulating the standard of care under those circumstances thereby provides necessary information when a case is reviewed on appeal.

Our role in statutory construction is to carry out the legislative intent without broadening or restricting the intended scope of the statute. State v. Marshall, 319 S.W.3d 558, 561 (Tenn. 2010). When the statute is unambiguous, we find the legislative intent in the plain and ordinary meaning of the statutory language. Id. A majority of the Court has construed Tennessee Code Annotated section 63-6-214(g) to require the Board to articulate the standard of care when it deliberates and reaches a decision in each case, whether or not witnesses testify as to the proper standard of care. Although this interpretation may further assist the review of cases on appeal by providing a more detailed record, articulation of the standard of care in each case is not required by the rule enacted by the General Assembly. In a case in which the statute is clear, we should apply the statute as written. State v. Goodman, 90 S.W.3d 557, 564 (Tenn. 2002).

I respectfully dissent.

_____
JANICE M. HOLDER, JUSTICE